[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (PLEADING NO. 104)
Defendant Brenda Germond moves for summary judgment on the theory plaintiff Susan Dolan's claim is barred by the statute of limitations, General Statutes § 52-584. Whether the claim is barred depends on whether the statutory time period is extended by the Accidental Failure of Suit Act, General Statutes § 52-592. Because this court concludes that the Accidental Failure of Suit Act is CT Page 4137 inapplicable, the motion for summary judgment is granted.
This lawsuit is the second lawsuit the plaintiff has brought against the defendant for personal injuries and property damage that the plaintiff alleges were caused by negligent acts committed by the defendant on November 19, 1993. The first lawsuit was commenced on November 24, 1995, when a city sheriff left a copy of a writ, summons and complaint in the hands of the defendant's mother. The sheriff had received the writ, summons and complaint from the plaintiff's attorney on November 1, 1995. The defendant moved to dismiss the complaint on the basis the plaintiff had failed to comply with General Statutes §§ 52-46, 52-46a, and 52-54. On February 1, 1996, the court (Hauser, J.) granted the motion to, dismiss on the grounds the plaintiff failed to comply with General Statutes §§ 52-46 and 52-46 (a), which provide that civil process shall be returned twelve days before the return day and shall be returned to the clerk of the court at least six days before the return day. The second lawsuit was commenced on February 13, 1996, when the city sheriff served another writ, summons and complaint.[1]
The defendant contends that the plaintiff's claim is barred under section § 52-584 of the General Statutes because process was not served before November 19, 1995, which was the end of the two year period that commenced with the alleged negligent act of the defendant on November 19, 1993. Section § 52-584 of the General Statutes provides that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date the injury is first sustained. . . ." The plaintiff contends that the second lawsuit is saved by § 52-592 (a), which provides that "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of writ due to unavoidable accident or the default or negligence of the officer to whom it was committed . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . . ." (Emphasis added.)
Section 52-592 does not save the plaintiff's claim. Section "52-592 applies only when there has been an original action that had been commenced in a timely fashion." Capers v. Lee,239 Conn. 265, 271, ___ A.2d ___ (1996). While the process was personally delivered to the sheriff within the two year limitation period, the sheriff did not serve the process within the limitation period. The original action was not commenced in a timely fashion.[2]
CT Page 4138
The defendant's motion for summary is granted.
THIM, J.